**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Karl SULLIVAN, a/k/a Adrian Karl
Cathey, a/k/a Karl Adrian Cathey,
a/k/a Karl Edwards, Defendant–Appel-
lant.**

No. 08–4806.

United States Court of Appeals,
Fourth Circuit.

Submitted: April 29, 2009.

Decided: June 4, 2009.

R. Brent Walker, Law Office of R. Brent
Walker, Charlotte, North Carolina, for Ap-
pellant. Gretchen C.F. Shappert, United
States Attorney, Mark A. Jones, Assistant
United States Attorney, Charlotte, North
Carolina, for Appellee.

Before MOTZ, KING, and SHEDD,
Circuit Judges.

Affirmed by unpublished PER
CURIAM opinion.

Unpublished opinions are not binding
precedent in this circuit.

PER CURIAM:

Karl Sullivan appeals his conviction by a
jury of one count of possession of a firearm
after having been convicted of a crime
punishable by more than one year of im-
prisonment, in violation of 18 U.S.C.
§ 922(g) (2006). We affirm.

On appeal, Sullivan argues that the dis-
trict court erred in denying his motion for
judgment of acquittal because the evidence
was insufficient to sustain the jury's ver-
dict. This court reviews de novo a district
court's denial of a motion for judgment of
acquittal. *United States v. Alerre*, 430
F.3d 681, 693 (4th Cir.2005). In conduct-
ing such a review, the court is obliged to
sustain a guilty verdict if, viewing the evi-
dence in the light most favorable to the
prosecution, the verdict is supported by
substantial evidence. *United States v.
Burgos*, 94 F.3d 849, 862 (4th Cir.1996) (en
banc) (citing *Glasser v. United States*, 315
U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680
(1942)). This court has "defined 'substan-
tial evidence' as 'evidence that a reason-
able finder of fact could accept as adequate
and sufficient to support a conclusion of a
defendant's guilt beyond a reasonable
doubt.'" *Alerre*, 430 F.3d at 693 (quoting
*Burgos*, 94 F.3d at 862). This court "must
consider circumstantial as well as direct
evidence, and allow the government the
benefit of all reasonable inferences from
the facts proven to those sought to be
established." *United States v. Tresvant*,
677 F.2d 1018, 1021 (4th Cir.1982).

In evaluating the sufficiency of the evi-
dence, we do not assess the credibility of
the witnesses and assume that the jury
resolved all contradictions in the testimony
in favor of the Government. *United States
v. Brooks*, 524 F.3d 549, 563 (4th Cir.),
*cert. denied*, —— U.S. ——, 129 S.Ct. 519,
172 L.Ed.2d 381 (2008). We "can reverse
a conviction on insufficiency grounds only
when the prosecution's failure is clear."
*United States v. Moye*, 454 F.3d 390, 394
(4th Cir.2006) (en banc) (internal quotation
marks and citation omitted).

In order to establish a violation of
§ 922(g)(1), the Government must prove
the defendant was a convicted felon, he
knowingly possessed the firearm, and the
firearm traveled in interstate commerce.
*United States v. Gallimore*, 247 F.3d 134,
136 (4th Cir.2001); *United States v. Lang-*

*ley,* 62 F.3d 602, 606 (4th Cir.1995) (en banc). Here, the parties stipulated that Sullivan was a convicted felon and that the firearm had the requisite interstate commerce nexus. The disputed issue, therefore, is whether the evidence established that Sullivan possessed the firearm. Possession may be actual, constructive, or joint. *Gallimore,* 247 F.3d at 136–37.

Viewing the evidence in the light most favorable to the government, there appears to be little dispute that the jury could find Sullivan guilty beyond a reasonable doubt. After reviewing the full record, it is clear that the defendant's statements, his close proximity to the gun and the testimony of an eyewitness all support the jury's verdict.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*